(October 25, 1916.)

H. C. TAYLOR, Appellant, v. CLARENCE L. LYTLE, Respondent, and CLARENCE L. LYTLE, Respondent, v. SPRINGSTON LUMBER COMPANY, a Corporation, and H. C. TAYLOR, Intervenor, Appellants.

[160 Pac. 942.]

REAL PROPERTY — VENDOR AND PURCHASER — REPRESENTATIONS AS TO BOUNDARY—EVIDENCE—INSTRUCTIONS.

1.   While the purchaser of real property has a right to rely upon the representations made by the vendor as to the boundary lines thereof, where, as in this case, purchase of timber situated upon

certain land has been made, and the purchaser testifies that a blazed line was pointed out to him by the vendor as the true boundary, and that he believed the representation so made and acted upon it to his injury, and the vendor denies that he made such representation, and where it appears that the purchaser and others, prior to the transaction being completed, made an estimate of the timber in question, it is not error to admit evidence showing that it is customary for timber cruisers to definitely locate the boundaries of land upon which timber is situated, before making an estimate thereof, and that it would have been easy to do so, as tending to establish the probability, or improbability, of the testimony of the parties.

2.　Although certain instructions, and portions of others, may not accurately state the law applicable to the facts in a case, when read and considered alone, if read in the light of the entire charge given to the jury they are not misleading, the giving of such instructions will not constitute reversible error. All instructions given in a case must be read and considered together, and where they are not inconsistent, but may be reasonably and fairly harmonized, it will be assumed that the jury gave due consideration to the instructions as a whole rather than to an isolated portion thereof.

[As to liability of vendor for false representations innocently made, see note in Ann. Cas. 1913C, 63.]

APPEALS from the District Court of the Eighth Judicial District for Kootenai County. Hon. R. N. Dunn, Judge.

Action for damages. Judgment for defendant. *Affirmed.*

Action on promissory note. Judgment for plaintiff. *Affirmed.*

Ezra R. Whitla, for Appellants.

The jury did not have to be *satisfied,* as instructed by the court, and any such instruction used under such circumstances as this is grossly erroneous, calling for a higher degree of proof than is contemplated by law. (*Foley v. State,* 11 Wyo. 464, 72 Pac. 627; *Rosenbaum Bros. v. Levitt,* 109

Upon the question of right of purchaser to rely on representations of seller as to boundaries, see notes in 37 L. R. A. 610; 14 L. R. A., N. S., 1210.

Iowa, 292, 80 N. W. 393; *Kelch v. State*, 55 Ohio St. 146, 60 Am. St. 680, 45 N. E. 6, 39 L. R. A. 737; *Willis v. Chowning*, 90 Tex. 617, 59 Am. St. 842, 40 S. W. 395; *O'Donohue v. Simmons*, 12 N. Y. Supp. 843; *Ball v. Marquis* (Iowa), 92 N. W. 691; *Torey v. McBuney*, 113 Ala. 496, 21 So. 348.)

The purchaser has an absolute right to take the statement of the vendor and rely thereon without making further inquiry, and if the vendor misrepresents the facts, he is liable. (*Davis v. Nuzum*, 72 Wis. 439, 40 N. W. 497, 1 L. R. A. 774; *Carlyle v. Sloan*, 44 Or. 357, 75 Pac. 217; *Lynch v. Mercantile Trust Co.*, 18 Fed. 486, 5 McCrary, 623; *Olson v. Orton*, 28 Minn. 36, 8 N. W. 878; *Ledbetter v. Davis*, 121 Ind. 119, 22 N. E. 744; *McGibbons v. Wilder*, 78 Iowa, 531, 43 N. W. 520; *Gunther v. Ullrich*, 82 Wis. 220, 52 N. W. 88; *Montreal River Lumber Co. v. Mihills*, 80 Wis. 540, 50 N. W. 507; *Holcomb v. Noble*, 69 Mich. 396, 37 N. W. 497; *Smith v. Richards*, 13 Pet. 26, 10 L. ed. 42; *Culbertson v. Blanchard*, 79 Tex. 486, 15 S. W. 700; 20 Cyc. 55; *Lawson v. Vernon*, 38 Wash. 422, 107 Am. St. 880, 80 Pac. 559.)

C. H. Potts, for Respondent.

All instructions given in a case should be read and considered together and as a whole, and if when so considered they fairly present to the jury the law of the case, the judgment will not be reversed on account of some specific portion of the instruction, which, when taken alone, is incomplete and obscure. (*State v. Neil*, 13 Ida. 539, 90 Pac. 860, 91 Pac. 318; *People v. Bernard*, 2 Ida. 193, 10 Pac. 30.)

We cannot determine the correctness of an instruction by segregating it from the entire charge and considering it alone. (*Houser v. Austin*, 2 Ida. 204, 10 Pac. 37; *Just v. Idaho Canal etc. Co.*, 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381; *Rowley v. Stack-Gibbs Lbr. Co.*, 19 Ida. 107, 112 Pac. 1041; *Knauf v. Dover Lbr. Co.*, 20 Ida. 773, 120 Pac. 157; *Breshears v. Callendar*, 23 Ida. 348, 131 Pac. 15; *Osborn v. Cary*, 28 Ida. 89, 152 Pac. 473; *Quirk v. Sunderlin*, 23 Ida. 368, 130 Pac. 374.)   A purchaser of real estate cannot be voluntarily

blind as to facts which are equally within the knowledge of both parties, and complain because of his own lack of diligence in ascertaining the truth when he was in a position to do so. (*Stewart v. Larkin,* 74 Wash. 681, 134 Pac. 186, L. R. A. 1916B, 1069; *Slaughter v. Gerson,* 13 Wall. 379, 20 L. ed. 627.)

MORGAN, J.—During the fall of 1911 negotiations were entered into between appellant, Taylor, and the respondent looking to the purchase by the former from the latter of the timber situated upon the S. ½ of the NW. ¼ and the NW. ¼ of the SW. ¼ of sec. 34, and the SE. ¼ of the NE. ¼ of sec. 33, Twp. 49 N., R. 2 W., B. M.

The result of these negotiations was that the parties agreed upon $12,000 as the purchase price of the timber, and, Taylor being unable to finance the deal, procured appellant, Springston Lumber Company, to do so for him. On December 12, 1911, the parties met in Spokane, Washington, where Lytle and his wife made, executed and delivered to the lumber company a deed transferring to it title to the timber, and received from it, in consideration therefor, the sum of $6,000 and its three promissory notes for $2,000 each.

It appears that the deed was so drawn as to convey title to the lumber company instead of to Taylor in order to secure the repayment to it by him of the purchase price, and that at the time, and as a part of the transaction, it entered into a contract with him whereby it purchased all the white pine saw timber on the land. It further appears that two of the promissory notes have been paid and that the other remains unpaid.

It is contended by Taylor that in this transaction Lytle, with the intent and purpose of deceiving and defrauding him and of inducing him to buy the timber, pointed out a certain blazed line which he represented to be the true north boundary of his land; that it was not the true line but was located about 265 feet north of and parallel with the actual boundary; that by reason of this fraud, misrepresentation and deception he was led to believe, and did believe, he was pur-

chasing and would receive a body of valuable timber situated upon a strip of land about 265 feet wide and three-quarters of a mile long, which was no part of the land of respondent, but, in truth and in fact, lies immediately north of and contiguous to the S. ½ of the NW. ¼ of sec. 34 and the SE. ¼ of the NE. ¼ of sec. 33 above described. It is further contended by Taylor that had he not been so misled, deceived and defrauded he would not have purchased the timber, and that by reason thereof he has suffered the damages, in order to recover which, the action of *Taylor v. Lytle* was commenced.

The case last above mentioned has been before this court heretofore upon appeal from an order of the district court sustaining a demurrer to the complaint, and is reported in 26 Ida. 97, 141 Pac. 92, where the substance of Taylor's contention is set out. Lytle, in his answer, denied the material allegations of the complaint, and it is his contention that he did not point out the blazed line in question as the true north boundary of his land.

In case of *Lytle v. Springston Lumber Company* the respondent here seeks to recover upon the unpaid promissory note of $2,000, heretofore mentioned. In this action the lumber company answered and Taylor intervened, both relying upon the facts disclosed in the complaint in case of *Taylor v. Lytle* as a defense to the action upon the note. The cases were consolidated in the district court, where trial was had to a jury which resulted in verdicts in both cases in favor of Lytle upon which judgments were entered, from which these appeals have been taken.

A motion to dismiss the appeal in case of *Taylor v. Lytle* was made by respondent, which is based upon the ground that the transcript was not filed nor served within sixty days after the appeal was perfected. In opposition to this motion the attorney for appellant has made an affidavit setting forth the reasons for the delay, from which it satisfactorily appears to this court it was due to no fault upon the part of appellant nor his counsel. The motion is, therefore, overruled.

Counsel for appellants complain of the action of the trial judge in permitting evidence to be introduced tending to

show the usual custom of timber cruisers in estimating timber. It appears from the record that Taylor had this timber estimated before he bought it and that he assisted in the work. The testimony complained of tends to show that it is the usual custom, before making an estimate of timber, to locate the boundaries of the land upon which it is situated, and that it would have been easy to have done so in this case. It is appellants' contention that such testimony has no place in a case of this kind, since Taylor had a right to rely upon the representations made by Lytle. It is clear this evidence was offered and accepted as tending to show the probability, or improbability, of the contention of Taylor that respondent represented to him the blazed line as the true north boundary of his land and of Lytle, who testified that he did not make such a representation. The testimony was competent for that purpose, and it was not error to admit it. The action of the court in admitting certain other evidence is assigned as error, but we find these assignments to be equally without merit.

It is urged that certain instructions given to the jury do not correctly state the law, and the action of the trial judge in refusing to give others is assigned as error.

It is true that some of the instructions, and portions of others, complained of, when read and considered alone, do not accurately state the law applicable to the facts in the case, but when read in the light of the entire charge given to the jury, they are not misleading and do not constitute reversible error. The rule in this state is well established that all the instructions given in a case must be read and considered together as a whole, and where they are not inconsistent, but may be reasonably and fairly harmonized, it will be assumed that the jury gave due consideration to the whole instructions rather than to an isolated portion thereof. (*Cady v. Keller*, 28 Ida. 368, 154 Pac. 629, and cases therein cited.)

The judgments of the trial court are affirmed. Costs are awarded to respondent.

Sullivan, C. J., and Budge, J., concur.