(August 1, 1925.)

CLARENCE C. HARD, Respondent, v. SPOKANE INTERNATIONAL RAILWAY COMPANY, a Corporation, Appellant.

[238 Pac. 891.]

PERSONAL INJURY — EXPERT TESTIMONY — QUALIFICATION OF EXPERT WITNESS—TESTIMONY OF PLAINTIFF—INSTRUCTIONS.

1. In a personal injury case the question of the competency of a proposed expert witness must be determined in the first instance by the court if objection is made. If no objection is made as to the qualifications of the witness at the time his testimony is offered, the question of his competency as an expert cannot be raised for the first time in this court.

---

Publisher's Note.

1. Qualification of expert as within discretion of trial court, see note in **Ann. Cas.** 1912D, 817.

2. In personal injury actions considerable latitude is allowed in the introduction of evidence, to aid the jury in determining the extent of the damages sustained by the plaintiff.

3. All the instructions given in a case must be read and considered together as a whole, and where they are not inconsistent but may be reasonably and fairly harmonized, it will be assumed that the jury gave due consideration to the whole instructions rather than to isolated portions thereof.

4. Under the provisions of C. S., sec. 6728, the appellate court must disregard immaterial errors in every stage of an action which do not affect the substantial rights of the parties.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. John M. Flynn, Judge.

Action to recover for personal injury. Judgment for plaintiff. *Affirmed.*

E. W. Wheelan, for Appellant.

The evidence of Doctor Jones as to the condition of Mrs. Hard after the accident was wholly incompetent. (C. S., secs. 2141–2154; *State v. Fite,* 29 Ida. 463, 159 Pac. 1183.)

Where the charge contains no adequate statement of the issues and its effect is necessarily misleading and unfair the judgment should be reversed. An instruction which misstates the issues or defenses is erroneous and is properly refused, and the giving thereof is ground for reversal if it has a tendency to confuse or mislead the jury. (38 Cyc. 1611; *Nelson v. Spears,* 16 Mont. 351, 40 Pac. 786; *Howell v. Wilcox etc. Sewing Machine Co.,* 12 Neb. 177, 10 N. W. 700; *Klosterman v. Olcutt,* 27 Neb. 685, 43 N. W. 422; *Hightower v. Ansley,* 126 Ga. 8, 7 Ann. Cas. 927, 54 S. E. 939; *Reed v. Gould,* 93 Mich. 359, 53 N. W. 356; *Swift & Co. v. Bleise,* 63 Neb. 739, 89 N. W. 310, 57 L. R. A. 147; *Ford v. Chicago, R. I. & P. Ry. Co.,* 106 Iowa, 85, 75 N. W. 650.)

Wm. J. Costello, for Respondent.

Objections to the admissibility of evidence cannot be made for the first time in the appellate court. (*Darby v. Heagerty,* 2 Ida. (260) 282, 13 Pac. 85.)

If the language of an instruction is inexact but the evidence to which it refers is so full that the jury cannot be thought to have been misled by it, the error is not a reversible one. (*Carroll v. Hartford Fire Ins. Co.,* 28 Ida. 466, 154 Pac. 985.)

Where the instructions to a jury, clearly as a whole, have stated the law of the case, the jury will be presumed to have followed them as a whole and not to have followed some isolated instructions. (*Osborn v. Cary,* 28 Ida. 89, 152 Pac. 473; *Cady v. Keller,* 28 Ida. 368, 154 Pac. 629.)

JOHNSON, District Judge.—This is an action for damages instituted by the respondent against the appellant for injuries alleged to have been sustained by the wife of respondent by reason of the negligence of the appellant. The complaint alleges in effect that the wife of the respondent was driving a horse hitched to a buggy and that while crossing the tracks of the respondent company she suffered injuries due to the dangerous condition of the track. The jury returned a verdict in favor of the respondent in the sum of $1,825, upon which judgment was entered. This is an appeal from the judgment.

The assignments of error, when grouped, cover but two points: one that the evidence is insufficient to justify the verdict, and the other that the court erred in instructions given and in refusing to give instructions requested.

Appellant specifies two points as to the insufficiency of the evidence. The first is stated as follows:

"There is a variance between the allegations of the complaint and the proof, the proof wholly failing to establish any excavation or any dangerous condition on defendant's right of way, or on the street crossing defendant's right of way, which would or could cause the injury complained of."

J. E. Hanifen, the superintendent of the appellant company, was called by the respondent for cross-examination under the statute, and he testified, without objection, that he built the side-track on the company's right of way at

the place where the accident occurred; that it was constructed in October or November, 1920.

Dr. N. R. Wallentine, a resident physician of Sandpoint, testified that on about November 4, 1920, he had occasion to cross the tracks at the place where the accident occurred, and in reply to a question he answered:

''Well, when I came to the track, of course, I had been accustomed to crossing there. I don't remember how long before this I had crossed it, but it was at night; it was dark. Of course, I had lights but there was a little raise there, or was at that time, a little grade going up to the main track, a little pitch to go up; and you can't see what is on top until you get up that pitch, and I was going ahead as usual, and suddenly dropped off into this side-track where there was no dirt or anything, just the rails and the ties.''

He further testified that there was nothing up to warn anyone of danger; that you could not see it until you got up to it; that he had traveled across there many times before and that it was never in that condition before; that he had a little difficulty in backing out.

Mrs. Hard testified that the accident occurred on November 7, 1920; that she was going home with a horse and buggy, with her two children, the younger child being ten months old; that it was dark, and that as she approached the crossing there was a train on the track which was moving and that the train was about a half a street across from her when she started across the track, and that she whipped her horse to get across the track and looked to see if the train was still moving, and she felt a jolt and went out—was out; that when she picked herself up she was on the ground by the railroad track; that she did not know how she got out—just went out over the dashboard; that when she got up the horse was gone and the buggy was still there.

Ray Wyatt, a truck driver living at Sandpoint, testified that he was walking home and that he noticed her crossing the track and the horse and buggy loose; that he did not see what became of her; that he immediately went to the place of the accident; that the horse was gone and the buggy was

setting in the track; that he took the buggy off the track; that he noticed a train in the vicinity. He described the condition of the crossing as follows: "They were just putting in that new switch, and the ties and rails were down, but there was no crossing in it, no planks on the crossing, nor the ballast was not in between the ties." There were no guards up or lights on either side of this crossing that evening; that he pulled the buggy out one wheel at a time; the front wheels were up against the west rail.

The second point specified is that: "There is no competent proof in the record of any injury to Mrs. Hard, the only evidence of her physical injury being the evidence of Doctor T. J. Jones, who is engaged in the practice of Chiropractic, and his evidence was wholly incompetent in this case. The evidence of Doctor Jones as to the condition of Mrs. Hard after the accident is not entitled to any consideration."

Appellant contends that because Doctor T. J. Jones, who treated Mrs. Hard, both before and after the accident, was a chiropractor and not a physician and surgeon, his evidence was for that reason wholly incompetent. Appellant concedes that perhaps there is no objection to a chiropractor testifying as to the nature of a treatment given to a patient, if the nature of the treatment is material in the case involved, but it is insisted that this is as far as he should be permitted to testify under our statutes. It is conceded in appellant's brief that no objection was made to the witness Jones testifying.

1 Wigmore on Evidence, sec. 569, p. 980, states that: "The common law .... does not require that the expert witness on a medical subject shall be a person *duly licensed to practice medicine.*" (*Golder v. Lund,* 50 Neb. 867, 70 N. W. 379; *People v. Rice,* 159 N. Y. 400, 54 N. E. 48.)

This court said in the case of *Carscallen v. Coeur d'Alene etc. Co.,* 15 Ida. 444, at page 452, 16 Ann. Cas. 544, 98 Pac. 622:

"No very nice distinction has ever been drawn or fixed rule established by which a trial judge shall determine the

exact amount of knowledge, experience and skill a so-called expert shall have before permitting him to testify before the jury. That question must be determined in the first instance by the court. (Rogers on Expert Testimony, secs. 1 to 4.) After the evidence is in, its weight and credibility is to be judged solely by the jury, and they will give it such weight as they think it is entitled to, and, indeed, if it runs counter to their convictions of truth in the exercise of their own knowledge and judgment, they may disregard it entirely. (Rogers on Expert Testimony, sec. 207; Lawson on Expert and Opinion Evidence, 182; *The Conqueror,* 166 U. S. 131, 17 Sup. Ct. 510, 41 L. ed. 947.) A jury composed of intelligent men drawn from the different callings and engagements of life will generally be able to determine from the examination of the expert the value of his opinions on the particular subject under investigation."

Our statute is silent on the subject of any of the classes engaged in attempting to treat physical or mental ailments being expert witnesses, and therefore the question as to the competency of the proposed expert *must be determined in the first instance by the court,* and should be settled before he is allowed to testify. The admissibility of expert testimony is for the court, while its weight is for the jury. (11 R. C. L. 574, 575.) If no objection is made as to the witness being qualified when such testimony is offered, his competency as an expert cannot be raised for the first time in the supreme court.

Counsel for appellant asks this court to reject the testimony of Doctor Jones and accept the evidence of Doctor O. F. Page, the physician who was permitted to examine Mrs. Hard at the request of the company, and who testified in defense. He overlooks the testimony of Mrs. Hard, who testified that at the time of the accident she was in good physical condition; that she received bruises on her body, leg and arm; that when she reached home she was unable to dress herself; she detailed the effect the injury had on her peculiar to her sex; she detailed the pain and suffering she underwent; and she testified that she had never

had the trouble detailed by her prior to the date of the accident.

This court in the case of *McClain v. Lewiston Interstate etc. Assn.*, 17 Ida. 63, at page 85, 20 Ann. Cas. 60, 104 Pac. 1015, 1023, 25 L. R. A., N. S., 691, used the following language:

"When the witness was asked to describe his suffering, it was not· calling for a conclusion of the witness, but a statement of a fact, susceptible of description, the same as any other fact. It is common knowledge that the physician must largely depend upon the statement of the patient as to the location, extent and character of the suffering in order to determine the nature and extent of the injury, and we are not aware of anyone who is in a better position or possesses any greater inside information upon the subject than the patient himself, or who would be better able to describe or know the character and extent of the suffering than the patient himself."

And on page 86 the court said:

"In actions of this kind great latitude is allowed in the introduction of evidence to aid the jury in determining the extent of the damages sustained by the plaintiff. . . . . The plaintiff was also asked as to his physical condition prior to the accident and his power of endurance, and also the result of an effort on his part to perform work after the accident. . . . . The evidence offered is not as to the conclusion of the witness, but evidence describing conditions, physical facts, which, and from which only, can the jury intelligently determine the nature or extent of the injuries sustained."

The giving of certain instructions and the refusal to give others requested is assigned as error. It is contended that in the first instructions given by the court, wherein the court was stating the issues to the jury, he erred in the closing part of said statement or instruction, which is as follows:

"The defendant seeks to avoid liability and alleges that the injuries, if any, suffered by the plaintiff, were so suf-

fered and caused solely as the result of the negligence and want of proper care by the wife of plaintiff, and through no fault or want of care of the defendant."

The defendant used the following language in its answer:

"Further, and as an affirmative defense to plaintiff's complaint, defendant alleges that the injuries, if any, suffered by the plaintiff, were so suffered and caused solely as the result of the negligence and want of proper care by the said Mrs. Clarence C. Hard, the wife of the plaintiff, and not otherwise, and through no fault or want of care of the defendant."

Just before the closing part of said instruction complained of, and as a part of the same, the court used the following language:

"Plaintiff further alleges in his complaint that the defendant company was and is required by law to construct and maintain in a safe condition the necessary driveways at the intersection of the tracks of the defendant with the streets crossed by said tracks or track, and that the defendant failed to do so; that at the time of the accident the defendant suffered said excavation and ties and rails to remain open, exposed and without proper protection, and without any light or signal to indicate danger; that plaintiff's wife was wholly unaware of danger, and was accidentally, and without any fault or negligence on her part, precipitated and thrown from said buggy into said excavation and against the railway ties and railway rails as aforesaid."

An examination of the plaintiff's complaint clearly shows that the language used in this last quoted instruction appears in the complaint.

It can hardly be error for the court to state the contentions of the defendant in the exact language of defendant's answer. The defendant pleaded contributory negligence as a defense. The law is settled by statute (C. S., sec. 6721) as well as by numerous decisions of this court that contributory negligence is a matter of defense in this state and that the burden of proving contributory

negligence rests on the defendant. Appellant complains of the use of the word "avoid," but as far as this defense is concerned it is in effect a plea in avoidance and there are many decisions which hold that the plea of contributory negligence is a plea in confession and avoidance. (20 R. C. L., sec. 150, p. 181; 29 Cyc. 581, footnote.) We do not believe that the jury were misled, especially so when the court in other instructions very carefully and fully covered the law governing the case. We find no error in the instructions.

This court in the case of *Taylor v. Lytle,* 29 Ida. 546, at p. 551, 160 Pac. 942, 944, had occasion in commenting upon instructions to say:

"It is true that some of the instructions, and portions of others, complained of, when read and considered alone, do not accurately state the law applicable to the facts in the case, but when read in the light of the entire charge given to the jury, they are not misleading and do not constitute reversible error. The rule in this state is well established that all the instructions given in a case must be read and considered together as a whole, and where they are not inconsistent, but may be reasonably and fairly harmonized, it will be assumed that the jury gave due consideration to the whole instructions rather than to an isolated portion thereof."

C. S., sec. 6728, directs this court to ignore immaterial errors, and reads as follows:

"The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and no judgment shall be reversed or affected by reason of such error or defect."

We find no error that would require a reversal of the judgment. It appears that the judgment is supported by the evidence. The judgment is therefore affirmed, with costs to respondent.

William A. Lee, C. J., and Wm. E. Lee, Budge and Givens, JJ., concur.