(No. 5730.   October 13, 1931.)

LESLIE M. WHITE, Sometimes Written L. M. WHITE, CHICAGO TRUST CO., a Corporation, GATE CITY SECURITIES COMPANY, a Corporation, Appellants, v. LARSEN & SHAFER, a Copartnership Consisting of E. W. LARSEN and H. G. SHAFER, and E. W. LARSEN and H. G. SHAFER, Individually, Respondents.

[3 Pac. (2d) 994.]

188

Roy L. Black, for Appellants.

Peterson & Clark, for Respondents.

GIVENS, J.—September 26, 1922, respondents leased from the then owner, E. C. White, a certain store building

under a written lease for five years from April 20, 1923, with the proviso as to the lessee, "With the privilege of an additional five (5) years at the same rent, upon giving thirty (30) days notice."

Respondents occupied the premises under the lease for the term thereof until April, 1928, paying the agreed rent of $200 per month, and then without giving any notice, oral or written, and nothing being said by either party, continued to occupy the premises, paying the same rental until April, 1929, when respondents claim a new oral agreement was made whereby they were to continue in possession until they sold their stock of merchandise, as they were going out of business, at a rental of only $100; and vacated said premises in September, 1929. Appellants contend no such, or any new agreement, was legally and mutually entered into; that E. C. White, the former owner of the premises, acting only as agent for the owners in 1929, was deceived by respondents as to the lease having expired, and mistakenly, on such false assumption, acquiesced in such new arrangement, and that the lease was, by respondents' occupancy and payment of rent with the landlord's consent, though no notice was given under the proviso, extended from April, 1928, for five years.

Appellants by original and supplemental complaint sued for the rent at the original rate to December, 1930.

Appellants urge, and the court proceeded upon the theory, that respondents, by holding over and paying rent, and the lessors by accepting the rent, though no notice was given, extended or renewed the lease for another five-year period. Respondents take a contrary position, but in view of the conclusion reached, it is unnecessary to discuss or decide this point, since appellant makes no complaint in connection therewith.

Appellants contend there is no evidence to show a new agreement. While they do not agree as to what was said, both Larsen, one of respondents, and E. C. White, concededly acting as agent for, and representing, appellants, testified that a conversation was had by the two, wherein

it was agreed that respondents would remain in the premises after May 31, 1929, until respondents had disposed of their stock and sold out, at a decreased rental of $100. Appellants contend that White was misled into making such agreement by Larsen falsely stating that the lease had expired. Larsen does not altogether agree with White's version as to what was said on this point. In any event, White could have asked for the lease; he had had a copy of it; it had been filed in the office of the county clerk, auditor and recorder; and there is enough in the record to justify the jury in concluding that a new agreement was made.

Appellants' main point is that there was no consideration, and that instructions on this point were erroneous. Appellant requested this instruction:

"You are instructed, Gentlemen of the Jury, that the term 'valuable consideration' means that the promisor has, in return for his promise, acquired some legal right to which he would not otherwise have been entitled or that the promisee has, in return for the promise, foreborne some legal right which he otherwise would have been entitled to exercise.

"You are instructed that unless there has been such consideration for the promise or agreement of a party, then the promise or agreement even if actually made by the party is unenforceable and the agreement fails for want of a sufficient consideration to support it.

"Applied to this case, if you find from the evidence that plaintiffs through their agent, Mr. White, did make any agreement or promise to terminate said written lease or change or modify the terms thereof subsequent to the making of said written lease, then I instruct you that such promise or agreement would be of no force or effect unless you further find that such promise or agreement made by said White was based on a valuable consideration as that term is herein defined."

The court gave it thus modified:

"You are instructed, Gentlemen of the Jury, that the term 'valuable consideration' means that the promisor has, in return for his promise, acquired some legal right to which he would not otherwise have been entitled or that the promisee has, in return for the promise, foreborne some legal right which he otherwise would have been entitled to exercise.

"You are instructed that unless there has been such consideration for the promise or agreement of a party, then the promise or agreement, even if actually made by the party is unenforceable and the agreement fails for want of sufficient consideration to support it.

"Applied to this case, if you find from the evidence that plaintiffs' through their agent, Mr. White, did make any agreement or promise to terminate said written lease or change or modify the terms thereof subsequent to the making of said written lease, then I instruct you that such promise or agreement would be of no force or effect unless you further find that such promise or agreement made by said White was based on a valuable consideration as that term is herein defined.

"In this connection however, you are instructed that if the defendants by the subsequent agreement, if any, agreed to give up the premises sooner than they would have had to under the original lease then that would be the forbearance of a legal right which might constitute a valuable consideration and under certain circumstances as in these instructions set forth, the mere making of the second contract constitutes a valuable consideration."

▮ In the several instructions which he gave as to consideration, the court tied them together by reference to each other so that the jury were clearly told to consider them together, and when so considered they were not erroneous. (*Hard v. Spokane Int. Ry.*, 41 Ida. 285, 238 Pac. 891; *Marshall-Wells Co. v. Kramlich*, 46 Ida. 355, 267 Pac. 611.) Appellant having requested it, may not complain of Instruction No. 5, above quoted.

Applying the doctrine therein announced, if the lease was extended for five years, and appellants gave it up, and respondents were relieved from its burdens, that was a detriment to the one, and a benefit to the other. If the lease had not been extended, the appellants gained three months' rent, and respondents assumed such added liability, which met the requirements of the instruction. There were also other elements of detriment or benefit which the jury may have considered sufficient to furnish consideration.

As to estoppel and mistake, the instructions requested by appellants contained too many comments on the evidence, and in the absence of correct requested instructions on this point, the ones given were not prejudicial. (*Bryant v. Hill,* 45 Ida. 662, 264 Pac. 869; *Boomer v. Isley,* 49 Ida. 666, 290 Pac. 405.)

Appellants assign as error the following:

"Q. Now, Mr. Larsen, except for that agreement that you had with him in reference to the rent, would you have sold out your stock?

"General Black: That is objected to as calling for a conclusion of the witness.

"The Court: The objection is overruled.

"A. No, I should say not."

The objection that it was a conclusion is not sufficient to make *Armington v. Stelle,* 27 Mont. 13, 94 Am. St. 811, 69 Pac. 115, relied on by appellants, in point, as the reason for exclusion in that case was that the intent was not disclosed; not that it was a conclusion. Conceding it was error to permit the answer, it was not erroneous on the ground assigned in the objection; hence not ground for reversal.

Judgment affirmed; costs awarded to respondents.

Lee, C. J., and Varian and McNaughton, JJ., concur.