## DOLL WATKINS, APPELLEE, V. BRUNSWICK RESTAURANT COMPANY, APPELLANT.

FILED MAY 6, 1932. No. 28248.

*Rosewater, Mecham, Burton, Hasselquist & Chew,* for appellant.

*Robins, Yost & Lamme, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

DEAN, J.

On or about December 14, 1930, Mrs. Doll Watkins was in the employ of the defendant, Brunswick Restaurant Company, of Fremont, as a waitress and, while in the course of her employment, she fell and injured her right side thereby necessitating the removal of her appendix four days thereafter. The defendant company appealed to the district court for Dodge county from an order of the compensation commissioner awarding the plaintiff compensation for her injuries. The judgment was affirmed and the district court decreed that for six weeks, commencing December 14, 1930, the plaintiff should receive from the defendant $9 a week, and hospital and medical expenses, and $50 as attorney's fees. The defendant company has appealed.

The accident occurred when the plaintiff was standing on a table in the restaurant so that she might reach the overhead shelves. And while in this position, she grasped a board which became loosened and she fell backward striking her right side on a table. Two days passed before the plaintiff consulted a physician and upon his advice she rested for several days. But when she returned to work she was compelled to stop within an hour on account of her injury. And her appendix was removed by two physicians that evening.

One of the physicians testified that the plaintiff's appendix was "red and inflamed, more so at the tip." And in answer to a hypothetical question as to whether the attack of appendicitis could have been caused by the fall, this physician made this general statement: "The opinion I have would be that she may have had a diseased appendix, and if she did, having received the blow of that kind might light up this appendix." He testified that the fall may have aggravated the plaintiff's condition at the time. And the other physician who was present when the plaintiff was operated upon testified that her lower right abdomen was tender and somewhat rigid as compared with the left. In his opinion, "trauma can cause an appendix that has had previous trouble to flare up," and he testified that the injury received by the plaintiff aggravated her condition and caused an attack of subacute appendicitis.

On the part of the defendant, and as grounds for reversal, it is contended that the plaintiff's fall was not the proximate cause of the appendicitis attack, and that the court erred in finding that she sustained an injury arising out of and in the course of her employment that was compensable within the provisions of the workmen's compensation act. And, in behalf of the defendant, two physicians testified that they had never seen a case of traumatic appendicitis, or appendicitis caused directly by an injury. In the opinions of these physicians, there was nothing in the evidence indicating that the plaintiff had suffered traumatic appendicitis.

The defendant also argues that the expert opinion of a physician, based upon the history of the case submitted to him by the patient, is not admissible in evidence. The history of the case may be considered so far as it relates to the treatment of a patient based upon complaints made to the physician at the time. In the present case, the plaintiff's physicians stated the history of the case, as related to them by the plaintiff, and they gave their conclusions based upon an examination of her. But the testimony and opinions of these physicians depended upon the assumption of the truth of the evidentiary facts in respect of the accident as related by the plaintiff.

We have held that "expert testimony must be based upon supposed facts of the existence of which there is evidence before the court." *Goken v. Dallugge,* 72 Neb. 16. And in *Hornby v. State Life Ins. Co.,* 106 Neb. 575, we likewise held: "An opinion of an expert must be based upon facts, proved or assumed, sufficient to form a basis for an opinion, and cannot be invoked to supply the substantial facts necessary to support that conclusion."

We think the evidence of the plaintiff's physicians, based upon observation and an examination of the plaintiff and upon the assumption of the truth of the evidentiary facts related by her, is clearly admissible.

In *Oliverius v. Wicks,* 107 Neb. 821, it was the contention of the defendant there, as in the present case, that appendicitis was not caused by a blow, and testimony was offered for and against such contention by the respective parties. But the attending physician in the *Oliverius* case testified that, in his opinion, the appendicitis was caused by a blow, and the judgment in favor of the plaintiff was sustained. In *Clark v. Department of Labor and Industries,* 131 Wash. 256, where an employee was struck on the abdomen while sorting blocks, the court there held that the evidence sustained the finding that the blow caused appendicitis and that the plaintiff was entitled to compensation under the provisions of the workmen's compensation act.

The evidence discloses that, several months before the removal of her appendix, the plaintiff underwent an operation for a rectal fistula and infection of the Bartholin gland. And, at the time her appendix was removed, one of the plaintiff's infected Fallopian tubes was also removed. However, both of plaintiff's physicians testified that neither of the above mentioned operations would have any bearing on the appendicitis operation. And the rule has been stated that "one suffering from a disease, or predisposition to disease, may recover for the aggravation of such condition caused by another's negligence." *Blomquist v. Minneapolis Furniture Co.*, 112 Minn. 143. In the *Blomquist* case the plaintiff suffered an attack of appendicitis as the result of a blow on the right side of her abdomen. And it has also been held that, where an attack of appendicitis was caused by a severe wrench upon the person of an employee, such injury came within the meaning of the workmen's compensation act, although the disability may have resulted from an accidental aggravation of a chronic ailment. *Fritz v. Rudy Furnace Co.*, 218 Mich. 324. And in *Roland v. Employers Casualty Co.*, 290 S. W. (Tex. Civ. App.) 895, where an employee sustained an injury while attempting to lift a heavy object, thereby causing a rupture of his appendix and resulting in the removal thereof and from the effects of which he died, it was held that the beneficiary was entitled to recover under the policy of insurance there in suit. And it was also held in the above cited *Roland* case that, notwithstanding the deceased employee had a predisposition toward appendicitis, this fact would not preclude a recovery.

From a review of the authorities it appears that injuries resulting in the removal of an appendix in the injured person are compensable under the provisions of the workmen's compensation act. And it also appears that, while there is a lack of entire harmony by medical authorities in respect thereof, a trauma or blow may cause appendicitis. In the present case there was no bruise on the plaintiff's abdomen as a result of her fall, but from

the evidence of her physicians it appears that a severe trauma might be occasioned to the internal organs without outward evidence of such injury.

The defendant company endeavored, without success, to prove that the accident could not have happened as described by the plaintiff. But, as pointed out by the plaintiff, the trial judge visited the scene of the accident upon the request of the defendant's counsel and the court found that the accident could have happened as the plaintiff testified.

We conclude that where the plaintiff, while in the course of her employment, fell and injured her right side thereby necessitating the removal of her appendix four days thereafter, and where the evidence sustains the finding that the fall caused the attack of appendicitis, that such injury is compensable under the provisions of the workmen's compensation act.

The judgment is

AFFIRMED.