ELSIE FRIES, APPELLANT, V. EVERETT GOLDSBY, APPELLEE.

80 N. W. 2d 171

Filed December 21, 1956. No. 34028.

*Ginsburg, Rosenberg & Ginsburg,* for appellant.

*Dwight Griffiths* and *Robert S. Finn,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Chappell, J.

Plaintiff, Elsie Fries, brought this action seeking recovery for personal injuries alleged to have been proximately caused by negligence of defendant, Everett Goldsby, on July 20, 1953, when, without giving any signal or keeping a proper lookout, he suddenly backed his unlawfully-parked Chevrolet truck out from a west curb into the car being driven south by plaintiff. Plaintiff alleged that as a result thereof she was jolted and her body twisted causing her to sustain a fracture of the transverse process of the thoracic vertebrae and soft tissue contusions in the upper and lower vertebral region and a mild concussion syndrome, from which she suffered nervous shock, pain, and disability requiring extensive medical care and treatment.

For answer defendant admitted that an accident occurred at or about that time, but denied generally and alleged that the collision and resulting damages, if any, were proximately caused and contributed to by plaintiff's negligence in operating her car without reasonable control, without keeping a proper lookout, without heeding a warning given by defendant, and in driving at a speed in excess of 30 miles an hour contrary to the city ordinance of Tecumseh.

Upon trial to a jury, it returned a verdict for defendant and judgment was rendered thereon. Thereafter plaintiff filed a motion for new trial, alleging in substance that the verdict was not supported by the evidence but was contrary thereto and contrary to law, and was not supported by the law applicable in the case; that the trial court erred in refusing to admit evidence offered by plaintiff, and erred in the admission of evidence over objections of plaintiff; and that there were errors of law occurring at the trial. Such motion was overruled, and plaintiff appealed, assigning in substance

that: (1) The trial court erred in sustaining any issue of plaintiff's alleged contributory negligence because it was not supported by any evidence; and (2) the trial court erred in the exclusion of certain evidence offered by plaintiff, and in the admission of certain evidence offered by defendant. We sustain the assignments.

The record fairly discloses the following: The accident occurred on July 20, 1953, at about 10 a. m., on Third Street in Tecumseh. Third Street extends north and south, west of the courthouse square. Such street has a parking area on the west side where cars driving south park into the curb at a sloping angle. It has a parking area on the east side where cars driving north park into the curb at an angle. It also has a parking area in the center with a one-way driving lane east thereof for cars driving north, and a one-way driving lane west thereof for cars driving south.

Defendant's 1½ or 2-ton Chevrolet truck, with which he hauled trash and garbage, was parked at an angle at the west curb. Concededly and knowingly, it was so parked in violation of Tecumseh Ordinance No. 346, section 5 (b), which provides in part: "All trucks of a capacity of over one ton shall be parked parallel within the markings in a space provided therefor * * * on the East side of Third Street between its intersections with Clay Street and the C. B. & Q. R. R. right-of-way, and at no other places on the streets around the Court House Square * * *." In that connection, despite all-inclusive general objections interposed by plaintiff, the defendant was permitted without any ruling thereon or making any reservation thereof, which was the equivalent of overruling the objection, to testify that he had talked to the chief of police and was granted permission to park as he did if his truck was not left longer than it took to do his job of trash and garbage hauling.

In that connection, relying upon Rueger v. Hawks, 150 Neb. 834, 36 N. W. 2d 236, which is clearly distinguishable from the situation presented here, defend-

ant argued that plaintiff could not now complain about the admission of such evidence because she did not subsequently renew the objection or move to strike such testimony, and in any event that plaintiff's brief did not comply with Rules of the Supreme Court, sections 8 a 2 (5) and (7). In such light we have examined plaintiff's brief, bearing in mind that the rules of this court are designed to assist the parties and the court in determining the issues to be considered, and are not designed to prevent determination of the issues by a technical construction thereof such as defendant would have us here apply. Redick v. Peony Park, 151 Neb. 442, 37 N. W. 2d 801.

In O'Dell v. Goodsell, 152 Neb. 290, 41 N. W. 2d 123, we held: "A general objection, if overruled, cannot avail the objector on appeal. The only modification of this broad rule is that if on the face of the evidence, in its relation to the rest of the case, there appears to be no purpose whatever for which it could be admissible, then a general objection, though overruled, will be deemed to have been sufficient." The propriety of the admission of such evidence was clearly reviewable by this court, and defendant's contention has no merit.

The rule applicable and controlling here appears in Koehn v. City of Hastings, 114 Neb. 106, 206 N. W. 19, a case almost identical in principal with that at bar, wherein we said: "The rule is well stated in the case of Fonda v. St. Paul City R. Co., 71 Minn. 438, wherein it is said:

" 'But a person cannot, by the adoption of private rules, fix the standard of his duty to others. That is fixed by law, either statutory or common. Such rules may require more, or they may require less, than the law requires; and whether a certain course of conduct is negligent, or the exercise of reasonable care, must be determined by the standard fixed by law, without regard to any private rules of the party.'

"Other cases supporting this view are Hamilton v.

Chicago, B. & Q. R. Co., 145 Ia. 431; Hansell-Elcock Foundry Co. v. Clark, 214 Ill. 399; Beidler v. Branshaw, 200 Ill. 425; McCartney v. City of Washington, 124 Ia. 382; Polmatier v. Newbury, 231 Mass. 307; Stewart v. Cushing, 204 Mass. 154, 27 R. C. L. 194, sec. 39.

"The admission of evidence as to the rules, usages and customs, adopted by defendant, regulating the parking of its motor truck, would naturally impress the jury with the idea that it was proper for them to consider it in determining the issues of fact. Its effect could not be otherwise than prejudicial to plaintiff."

See, also, Borden v. General Insurance Co., 157 Neb. 98, 59 N. W. 2d 141, holding that: "The proof in a trial in a jury case must be confined to legal evidence tending to prove or disprove an issue made by the pleadings and the admission of improper evidence is prejudicial error if it may have influenced the verdict.

"If it does not appear from the record that evidence wrongfully admitted in the trial of a jury case did not affect the result of the trial unfavorably to the party against whom it was admitted its reception must be considered prejudicial error." We conclude that the admission of the evidence aforesaid was prejudicially erroneous.

The record discloses that at the time and just prior to the accident plaintiff was alone in her husband's 1953 4-door Chrysler sedan, driving south in the west lane of Third Street at no more than 15 miles an hour in strict compliance with Tecumseh Ordinance No. 346, section 2, and not in violation of any pertinent statute. Evidence adduced in plaintiff's behalf discloses that as she turned south on Third Street she saw defendant's truck parked at the curb on her right about one-third the distance from the north end of the block. She noticed it because its rear end had a body box on it, the top of which was about 30 inches higher than the bed of the truck which extended out into the street farther than other vehicles parked at the west curb nearby.

Plaintiff heard no warning and saw no signal given by defendant, and observed no movement of his truck until plaintiff's front bumper was parallel with the rear of defendant's truck and her car had entered the line of his backing. He then backed out fast, whereupon plaintiff had no time to stop and no opportunity to turn left and avoid the accident because cars were parked to her left in the center of the street. Thereupon the left corner of the box on defendant's truck hit plaintiff's car with great force immediately ahead of the windshield at about the level of the door handle or glass. It then raked the entire length of her car to the back window, denting or caving in its body 2 or 3 inches, crushing the frames in its right doors, breaking the windshield and all glass on the right side, and throwing plaintiff against the door and arm rest, which caused her pain and injuries to her spine, requiring medical care and treatment. A few days after the accident plaintiff did make a statement that no one was hurt in the accident, but in that regard she claimed that the extent of her injuries did not appear and were unknown until later.

After the accident plaintiff stopped her car 3 or 4 feet beyond defendant's truck, then drove her car forward and into the center parking area while defendant's truck went back into the curb and parked again. It is not clear whether he drove it back or whether it rolled back after the impact.

The sheriff was then called and investigated the accident, whereat defendant said that he did not see plaintiff's car until after the impact, and nothing was said about defendant honking his horn.

Defendant testified in substance as follows: That on the morning of July 20, 1953, he had parked his truck at an angle on the west side of Third Street in front of a barber shop while he served some customers in that neighborhood. He admitted knowing that his truck was so parked in violation of the city ordinance but

claimed that permission to do so had been granted by the chief of police, as heretofore discussed. Defendant's truck was equipped with a rear view mirror on the left door, but he was admittedly unable thereby to see back of his truck and never did see plaintiff's car until after the impact. Before the accident defendant completed delivery of trash and garbage to his truck, then got in the cab thereof, started the motor, placed the clutch down, went into reverse, tooted his horn, looked out of the mirror or window 3 or 4 seconds, and, seeing nothing but continuing to look, he started to back into the street, when, after he had moved about 3 feet, the impact occurred that second. In that connection, as provided by Tecumseh Ordinance No. 346, section 4 (t), defendant was required: "To sound horn and give approaching car the right of way when backing out of a * * * parking space."

Also, as held in Taulborg v. Andresen, 119 Neb. 273, 228 N. W. 528, 67 A. L. R. 642: "The operator of a motor vehicle in backing the same onto a street or highway must look backward, not only before he begins his operation, but also while he is in the act of backing, and must give a signal of his intention to back when a reasonable necessity for it exists, in order that he may not collide with or injure those lawfully using such street or highway." See, also, Annotation, 67 A. L. R. 655; Chew v. Coffin, 144 Neb. 170, 12 N. W. 2d 839.

In Annotation, 29 A. L. R. 2d 112, it is said, citing many authorities from this and other jurisdictions: "In cases dealing with injury or damage resulting from the movement of a motor vehicle which had been parked at the curb of a street * * * the courts have concurred in recognizing that the operator of such a parked car is under a duty of yielding the right of way in the travelled portion of the street * * * to * * * other motor vehicles which are moving thereon at the time, and that before moving into traffic the operator of the parked car must exercise reasonable care to look for

other users of the street, and must refrain from moving his own vehicle until he ascertains that such a movement is consonant with the safety of others."

Also, as held in Angstadt v. Coleman, 156 Neb. 850, 58 N. W. 2d 507: "A user of the highways may assume, unless and until he has warning, notice, or knowledge to the contrary, that other users of the highways will use them in a lawful manner, and until he has such warning, notice, or knowledge, he is entitled to govern his actions in accordance with such assumption."

In the light of the foregoing rules and the evidence heretofore recited, we find no competent evidence from which it could be reasonably inferred that plaintiff was guilty of contributory negligence either because she did not have her car under reasonable control, or failed to maintain a proper lookout or heed any warning of defendant, or drove her car at an unlawful speed. With regard to warning, if it had been given as claimed by defendant, the plaintiff under the circumstances presented herein would not have thereafter had either time or opportunity to have avoided the accident.

Nevertheless, such issues of alleged contributory negligence were erroneously submitted to the jury in one form or another throughout the instructions given by the trial court. In that connection, defendant argued that plaintiff was in no position to complain because in motion for new trial she did not specifically assign as error the giving of such instructions. That contention has no merit. In such respect, there is a difference between giving instructions, the substance of which is allegedly erroneous, and the alleged erroneous failure to submit pleaded issues supported by evidence or the alleged erroneous submission of pleaded issues which have not been supported by any evidence.

As assigned and argued by plaintiff, the instructions given herein erroneously submitted issues of pleaded contributory negligence which were not supported by any evidence, and we sustain that contention.

In Harsche v. Czyz, 157 Neb. 699, 61 N. W. 2d 265, the trial court failed to submit the pleaded issue of statute of limitations which had been supported by evidence. In that opinion we said: "The plaintiff contends that the defendant failed to make objection and assign as error in her motion for a new trial that the trial court should have instructed the jury on the statute of limitations. The motion for new trial and the amended motion for new trial were in compliance with section 25-1144, R. R. S. 1943, which provides in part: 'It shall be sufficient, however, in assigning the grounds of the motion to assign the same in the language of the statute and without further or other particularity.' See, also, McCullough v. Omaha Coliseum Corp., 144 Neb. 92, 12 N. W. 2d 639.

"Both the motion for new trial and the amended motion for new trial set forth that the verdict and decision were not sustained by sufficient evidence and were contrary to law, and, in addition thereto, that errors of law occurred at the trial. We conclude that the motion for new trial and the amended motion for new trial were sufficient to raise the issue contended for by the defendant." By analogy, that statement has application here.

In that connection, in Bay v. Robertson, 156 Neb. 498, 56 N. W. 2d 731, the trial court erroneously submitted the issue of contributory negligence which was not supported by any evidence. Therein plaintiff simply assigned that the trial court erred in submitting any issue of contributory negligence, and we reversed upon the ground that such submission was prejudicial error. In doing so, we held: "The mere fact that contributory negligence may be pleaded as a defense does not justify the submission of that issue to the jury where there is no evidence to support it.

"Ordinarily, contributory negligence is a question for the jury; but, where there is no basis in the evidence for a finding of contributory negligence, it is error to

instruct on the subject and thereby to submit to the jury an issue which is outside the evidence."

Further, as held in Fuss v. Williamson, 159 Neb. 525, 68 N. W. 2d 139: "It is reversible error for the court to include, in its instructions to the jury, allegations of fact found in the pleadings but which have not been supported by any evidence.

"The court should submit to the jury only such issues as find some support in the evidence, and where an issue is submitted without support in the evidence and is calculated to mislead the jury in the consideration of the facts to the prejudice of the complaining party, the judgment must be reversed." See, also, Shields v. County of Buffalo, 161 Neb. 34, 71 N. W. 2d 701.

A graduate of the Nebraska College of Chiropractory, who was a duly licensed chiropractor, having practiced his profession in Nebraska City for 30 years, and who was a member of the National Chiropractic Roentgenologist Association and certified in reontgenology, testified by deposition as a witness for plaintiff. He took a history from plaintiff with regard to the accident here involved, and examined her on August 7, 1953, after the accident. He took X-rays of her spine, diagnosed her injuries, and prescribed care and treatment. The chiropractor thereafter also advised that a brace should be worn by plaintiff to support her back. She obtained such a brace at a surgical supply company in Omaha and thereafter wore it. He also gave plaintiff chiropractic adjustments at intervals until September 29, 1954, at which time X-rays taken by him showed her then condition.

In that connection, after the foregoing foundation with regard to the chiropractor had first been laid, it was stipulated that he might testify from records and notes which were a part of his permanent records in plaintiff's case. They were produced and identified in open court as exhibits Nos. 1A and 1B as requested by defendant, "so we'll know what we're talking about."

Nevertheless, when the chiropractor was asked to relate the history given to him by plaintiff and her condition when he examined her the first time, objections thereto by defendants were sustained. Twice, but in different form, plaintiff's counsel asked such witness to explain his findings with regard to plaintiff's condition, but objections thereto by defendant were sustained. Four X-ray pictures of plaintiff's spine, taken by the chiropractor during his care and treatment of her, were identified as exhibits, and proper foundation was laid with regard to the taking thereof. However, when he was asked to interpret them, objection thereto by defendant was sustained. Thereafter the witness was permitted to testify that one such X-ray showed a compression on the left of the body of the 12th dorsal vertebra, but on motion of defendant such answer was stricken. Interpretations and explanations of the witness with regard to the other X-ray pictures were objected to by defendant and also refused admission, and when all four of such exhibits were offered in evidence, their admission was likewise refused. Plaintiff assigned and argued that the refusal to admit such evidence was prejudicially erroneous, and we sustain that contention.

In Inter-Ocean Oil Co. v. Marshall, 166 Okl. 118, 26 P. 2d 399, the court concluded that a duly licensed and practicing chiropractor is competent to testify as an expert witness within the scope of his knowledge according to his qualifications in the field of chiropractics, and the weight of his testimony is a question for the jury. See, also, Hard v. Spokane International Ry. Co., 41 Idaho 285, 238 P. 891.

Viewed in such light, the following is applicable. As stated in Watkins v. Brunswick Restaurant Co., 123 Neb. 212, 242 N. W. 439: "The defendant also argues that the expert opinion of a physician, based upon the history of the case submitted to him by the patient, is not admissible in evidence. The history of the case may be considered so far as it relates to the treatment of a

patient based upon complaints made to the physician at the time. * * * We think the evidence of the plaintiff's physicians, based upon observation and an examination of the plaintiff and upon the assumption of the truth of the evidentiary facts related by her, is clearly admissible." See, also, 20 Am. Jur., Evidence, § 866, p. 728.

Also, as said in McNaught v. New York Life Ins. Co., 145 Neb. 694, 18 N. W. 2d 56: " 'When a physician examines a patient to ascertain his ailment and to prescribe for it, a portion of his reasons for action must be the patient's own statements. To exclude testimony not wholly independent of this foundation for opinion is, in strictness, to exclude almost always medical testimony based on a personal examination. * * * Any attempt to draw the line in rulings, and to exclude a physician's testimony because his diagnosis is based in part on such statements, is unpractical, and defies the usual processes of medical thought. Hence it should be avoided.' 3 Wigmore, Evidence (3d ed.) sec. 688, p. 4.

"The approved rule in regard to physician securing a history from the patient to enable him to properly treat the patient is announced in annotation, 65 A. L. R. 1223, as follows: 'The opinion of a physician or surgeon as to the condition of an injured or diseased person is not rendered incompetent by the fact that it is based upon the history of the case given by the patient to the physician or surgeon on his examination of the patient, when the examination was made for the purpose of the treatment and cure of the patient.' This rule is supported by opinions there cited from many states."

Further, in City of Geneva v. Burnett, 65 Neb. 464, 91 N. W. 275, 101 Am. S. R. 628, 58 L. R. A. 287, cited with approval in Chicago, B. & Q. R. R. Co. v. Upton, 194 F. 371, this court concluded that when appropriate foundation is laid, X-ray pictures are admissible in evidence and subject to interpretation by an expert witness for the purpose of showing the condition of the

internal tissues of the body. See, also, note appended to City of Geneva v. Burnett, *supra,* at page 466, citing many authorities; Annotation, 51 L. R. A. N. S., subsection X, p. 858, citing such case and many authorities; 20 Am. Jur., Evidence, § 822, p. 691.

In that connection, defendant's contention that plaintiff cannot now complain because she made no offers of proof with relation to the chiropractor's testimony when it was excluded has no merit under the circumstances presented here.

In Johnson v. Griepenstroh, 150 Neb. 126, 33 N. W. 2d 549, this court reaffirmed that: "Generally, in order to predicate error upon a ruling of the court refusing to permit a witness to testify or to answer a specific question, the record must show an offer to prove the facts sought to be elicited. However, when the condition of the record and the form of the question itself show that it is relevant, material, and competent, no offer of proof is necessary." See, also, In re Estate of Johnson, 100 Neb. 791, 161 N. W. 429; Gormley v. Peoples Cab, 142 Neb. 346, 6 N. W. 2d 78. Defendant's contention comes squarely within and is controlled by such rules.

The record also indicates that objections to such evidence of the chiropractor were sustained partly upon the ground that the findings of and interpretations by him as reflected by the identified exhibits showed a condition of bodily injuries at variance with that alleged in plaintiff's petition which we have heretofore recited. In the light thereof such a conclusion was untenable and erroneous.

Plaintiff also offered in evidence identified exhibits Nos. 1A and 1B, the chiropractor's permanent records and notes with regard to plaintiff's history, examination, diagnosis, care, and treatment, but upon objection the offer was refused. Plaintiff argued that such exhibits were admissible under the Uniform Business Records as Evidence Act, sections 25-12,108 to 25-12,111, R. R. S. 1943.

In doing so, plaintiff relied upon County of Hamilton v. Thomsen, 158 Neb. 254, 63 N. W. 2d 168, which is clearly distinguishable. Rather, Higgins v. Loup River Public Power Dist., 159 Neb. 549, 68 N. W. 2d 170, is controlling here. Plaintiff's contention has no merit. The chiropractor testified as a witness. As such it is elementary that he had a right to refresh his memory from his own records and notes and to appropriately testify at length with regard to plaintiff's history, examination, diagnosis, and treatment, together with an interpretation of the X-rays taken by him, which were admissible in evidence. Viewed in such light, his record and notes would ordinarily be only cumulative evidence.

For reasons heretofore stated, the judgment of the trial court should be and hereby is reversed and the cause is remanded. All costs are taxed to defendant.

REVERSED AND REMANDED.