NEBRASKA TELEPHONE COMPANY V. JOHN JONES.

FILED JUNE 20, 1900. No. 9,031.

1. **Personal Injury**: CONTRIBUTORY NEGLIGENCE: QUESTION OF FACT. While the plaintiff, an old man, seated on a load of baled hay, was driving a spirited team down a steep hill he encountered the stump of a telephone pole which stood in the middle of the traveled road and, being thrown to the ground, was severely injured. At the time of the accident he was endeavoring to prevent the wagon from pressing upon the horses and was not thinking of the obstruction in the highway. *Held*, That whether he was, under the circumstances, guilty of contributory negligence, was a question of fact for the jury.

2. ———: CONFLICTING EVIDENCE: VERDICT. In an action for damages resulting from an injury caused by an obstruction in a road over which plaintiff was driving, a verdict in favor of the plaintiff, based upon conflicting evidence, will not be disturbed.

3. **Evidence**: VERDICT. Evidence examined, and found to support the verdict.

4. ———: ERROR WITHOUT PREJUDICE. A judgment will not be set aside for error in admitting immaterial evidence where it appears that such evidence had no harmful or mischievous tendency.

5. **Error**: TENDER OF PROOF. A party, to avail himself of an error of the court in refusing to permit a witness to answer a question, must make an offer to prove the facts sought to be elicited.

6. **Motion for New Trial**: NEWLY-DISCOVERED EVIDENCE: DILIGENCE. It is not error to overrule a motion for a new trial grounded on newly-discovered evidence, where it is not shown that the moving party, before the trial, used due diligence to procure the evidence which he claims to have discovered since the trial.

7. ———: AFFIDAVITS: PRACTICE. A motion for a new trial on the ground of newly-discovered evidence should, ordinarily, be supported by the affidavit of the party making the application, as well as by the affidavit of his attorney; and the affidavit of the new witness should also be produced, or its absence satisfactorily accounted for.

REHEARING of case reported in 59 Nebr., 510. *Judgment below affirmed.*

*W. W. Morsman*, for plaintiff in error.

*John P. Breen, contra.*

SULLIVAN, J.

In an action by John Jones against the Nebraska Telephone Company, grounded on negligence, the district court of Sarpy county awarded plaintiff damages in the sum of $1,507.65. The defendant prosecuted error to this court and at the last term secured a reversal of the judgment against it. *Nebraska Telephone Co. v. Jones*, 59 Nebr., 510. Afterwards a rehearing was allowed; and, the cause having been again regularly submitted, is before us for decision. In the former opinion, which contains a statement of the essential facts, it is said the evidence convicts the plaintiff of contributory negligence and that he is, therefore, not entitled to recover of the defendant compensation for the injuries sustained. The facts are not disputed. The plaintiff, an old man, seated on a load of baled hay, was driving a spirited team down a steep hill on a summer afternoon. The wagon pressed upon the horses and the driver, either unintentionally while reaching for the brake, or else intentionally and with the view of arresting the forward movement of the wagon, "drew the team to one side," and thus brought one of the front wheels against the stump of a telephone pole which stood in the middle of the traveled track. The injuries complained of were the direct and immediate result of this accident. The plaintiff knew the stump was in the road; he had frequently observed it; he knew it was dangerous and had predicted that some one would, sooner or later, run against it and be hurt. It is said that Mr. Jones, at the moment of the accident, was not thinking of the stump; and that his inattention to a known danger was negligence *per se*. It would seem that the mind of the plaintiff was distracted from one peril by the sudden appearance of another. The danger from the stump was apparently lost sight of in the presence of the more formidable danger resulting from the pressure of the loaded wagon upon the high-strung horses. It may be that an

ordinarily prudent man, in the situation in which Mr.
Jones found himself, would have kept his attention on
the stump and avoided it; but we are certainly not pre-
pared to say, as a matter of law, that he would have done
so. What would constitute ordinary care under the cir-
cumstances, is plainly a question of fact, and not a ques-
tion of law. The finding of the jury that plaintiff was not
guilty of contributory negligence rests upon sufficient
evidence, and we would be going far out of our way to
disturb it.

*Union P. R. Co. v. Evans,* 52 Nebr., 50, was a case
in which the plaintiff sued on account of an injury re-
sulting from a fall upon an inclined platform. He was
perfectly familiar with the dangerous character of the
place where the accident occurred; and nothing extra-
ordinary had happened to divert his attention from the
danger. However, according to his own admission, he
gave no particular heed to what he was doing. This
court, sustaining a judgment in his favor, said, p. 55: "The
defendant in error was well acquainted with the ap-
proach to the platform, had walked over it very fre-
quently, but his knowledge of the approach and its con-
dition as to steepness of incline would not bar him of his
recovery if injured because of its unsafeness occasioned
by such steepness, provided he was at the time, all the
circumstances considered, exercising ordinary care. The
company presented its depot platform and approach
thereto as reasonably safe and suitable for the use and
passage of the public in transacting business with it.
The approach had been used for years by numerous per-
sons, and often by defendant in error, in its then condi-
tion. It cannot be said as a matter of law that it was
contributory negligence that he used it again."

Much like the *Evans Case* is *Doan v. Town of Willow
Springs,* 101 Wis., 112, where it was held that a traveler
who drives over a highway, without thinking of defects
of which he has knowledge, is not, as a matter of law,
guilty of contributory negligence. In the course of the

opinion the court said, p. 116: "Nor was it error for the court to instruct the jury that the fact that the plaintiff had driven over the highway at the point in question with knowledge of its defective and dangerous condition was not conclusive in law that he was guilty of contributory negligence. True, the plaintiff testified that he was not thinking when the accident occurred; that he did not know why, but he just happened not to be thinking; that any man was liable to go along the road without thinking of a bad place therein. Within the repeated rulings of this court, this would not have been sufficient to justify the court in taking the case from the jury. *Cuthbert v. Appleton*, 24 Wis., 383; *Wheeler v. Westport*, 30 Wis., 392; *Spearbracker v. Larrabee*, 64 Wis., 578; *Simonds v. Baraboo*, 93 Wis., 40." Other authorities supporting the rule that knowledge of the existence of a defect in a highway does not *per se* establish negligence on the part of a traveler who is injured in consequence of such defect are *George v. City of Haverhill*, 110 Mass., 506; *Bouga v. Township of Weare*, 109 Mich., 520.

In the former opinion we said that the evidence was probably sufficient to justify the jury in finding that the defendant was guilty of negligence as charged in the petition. We have no inclination to recede from this position. The evidence was sufficient.

The first and second assignments of error relate to the reception of evidence which defendant claims is immaterial. The evidence in question does not seem to have any bearing upon any of the issues, but its admission could not possibly have prejudiced the company. It was manifestly harmless; it had no mischievous tendency.

The third assignment of error is: "The district court erred in sustaining the objection of the plaintiff to a question propounded by your petitioner to its own witness, as follows: 'Where was the old telephone line located through that field at that time?'" Upon this point it is sufficient to say that the defendant is not in a position to avail itself of error in the ruling complained of. It made

no offer to prove by the witness, Henry S. Eby, where the telephone line was located at the time referred to.

The district court did not err in denying defendant's application for a new trial based on newly-discovered evidence. There was, according to the showing made, no evidence discovered after the trial which could not have been produced at the trial by the exercise of ordinary diligence. The motion was also properly overruled for the reasons stated in *Draper v. Taylor*, 58 Nebr., 787 (points 4 and 5 of syllabus), and in *Barr v. Post*, 59 Nebr., 361—point 3 of syllabus.

The judgment of this court, heretofore rendered, is set aside and the judgment of the district court is

AFFIRMED.