## IN RE ESTATE OF WILLIAM NECKEL.
### ELIZABETH NECKEL, ADMINISTRATRIX, APPELLEE, V. AUGUSTA N. STEARNS, APPELLANT.

FILED NOVEMBER 21, 1907. No. 14,983.

**Witnesses: COMPETENCY.** Under the provisions of section 329 of the code, an interested party may testify only to such conversations and transactions had with the adverse party's decedent as were testified to by some witness called by the representative, or to such facts as may be presented in the preserved testimony of the deceased.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Weaver & Giller,* for appellant.

*E. W. Simeral* and *C. W. Haller, contra.*

EPPERSON, C.

At his death, and for five months previous thereto, the deceased, William Neckel, resided in Omaha with his daughter, the appellant. Four days prior to his death, a grandchild, the son of one of the appellees, a boy about eleven years of age, in the presence of his aunt, the appellant found $385 in money hidden by the deceased in a house in which he had previously resided for a number of years. The boy carried the money to his grandfather. After the decedent's death the appellant handed the $385 to her brother, one of the appellees, and asked him to take care of it for her. Thereafter she demanded a return of this money. He refused, and later gave the money to the administratrix of his father's estate. A few hours before the

father's death the appellant obtained from him $214, which she later, acting upon the advice of counsel, turned over to the administratrix. She brings this action, demanding a return to her of the sum of the two items referred to above. She alleges that for several years prior to his death the deceased collected rent from several houses belonging to her, with the understanding that he was to use what he needed and turn over the remainder to her; that the sums above named were proceeds from this rental which was not used by deceased, and that the same was turned over to appellant by him.

The only question presented by appellant is that the court erred in striking out her testimony regarding a conversation and transaction between the deceased and herself. Such evidence was incompetent under the provisions of section 329 of the code, unless it fell within the exception permitting an interested party to testify when the representative of the deceased has called a witness who shall have testified regarding the same. The executor called the boy who found the money, and he testified that he took the money to the deceased, "and said: 'What do you think I got?' and handed him the money and he stuck it in his apron quick. He groaned and said: 'Where did you find it?' and I said: 'I got it up in the old house,' and she (meaning the appellant) gave me a dollar." In rebuttal appellant testified: "Q. State what was first said, and by whom, about the boy handing him the money? A. He said: 'Why did you let the boy in the house? This was your money that I had saved out of the rent. I did not want Will to know it.'" Appellant testified that this statement of the deceased was made in the presence of the boy, and following the statement testified to by him. And she further said that a few hours later her father gave her the money. Her evidence in this regard was stricken from the record. It cannot be said that the statements testified to by the boy constituted a conversation or transaction between appellant and deceased. It is not contradictory to appellant's contention that deceased gave her the money.

The boy testified to no conversation wherein either party said anything whatever regarding the ownership of the money or relative to the giving of the money by the deceased to appellant. He testified to the existence of the money in the possession and control of the deceased. Her testimony related to a transaction whereby she became the owner of the money. The boy testified to no such transaction, and the only information we have that such a conversation took place is the testimony of the appellant. The fact that the conversation or transaction relied upon immediately followed the conversation testified to by the witness called by the administratrix does not render admissible testimony which otherwise would be barred. Appellant was competent to testify to the transaction and conversation mentioned in the boy's testimony, but she could go no further. *Dickenson v. Columbus State Bank,* 71 Neb. 260. The court did not err in striking the testimony. Neither does the evidence support appellant's contention regarding the $214, and we recommend that the judgment be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.