BUCHER v. EATON et al.

(Supreme Court, Appellate Division, Third Department. May 8, 1912.)

1. WILLS (§ 58*)—CONTRACT TO DEVISE OR BEQUEATH—EVIDENCE.

To establish a contract to devise or bequeath, a greater preponderance of proof is required than in an ordinary action.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 164, 165; Dec. Dig. § 58.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. WILLS (§ 58*)—CONTRACT TO DEVISE—SUFFICIENCY OF EVIDENCE.

Evidence, in an action for partition in which defendant, plaintiff's sister, claimed under a contract with their mother by which in consideration of defendant's care for her the property was to belong to the defendant after the mother's death, *held* sufficient to support a verdict for defendant.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 164, 165; Dec. Dig. § 58.*]

3 APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where a witness, in an action for partition, testified to a declaration by plaintiff, made before the death of his mother, and against his possible right of heirship, that the property belonged to defendant, his sister, and also as to declarations after the mother's death to the same effect, any error in admitting the evidence as to plaintiff's declarations before the death of his mother was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

Appeal from Trial Term, Chemung County.

Partition by Orville C. Bucher against Sophia C. Eaton and another. From a judgment for defendants, and also an order denying a new trial, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Knapp, Heffernan & Ulsh, of Elmira (J. R. Ulsh, of Elmira, of counsel), for appellant.

Charles H. Knipp, of Elmira, for respondents.

SMITH, P. J. This action is brought by one of the heirs at law of Nancy Bucher, who died on the 2d day of March, 1892, intestate, leaving a son, Johnson C. Bucher, and a daughter, Sophia C. Eaton, as her only heirs at law. The action is for partition of certain real estate, the record title of which was in the said Nancy Bucher at the time of her death. Johnson C. Bucher himself died in 1906, intestate, leaving children, of whom this plaintiff is one. The defense submitted to the jury, and upon which the defendant has succeeded, was that in 1883 the defendant Sophia Eaton entered upon the said premises under a contract with her mother, Nancy Bucher, by which she, Sophia Eaton, and her husband, were to take care of the said Nancy Bucher for the remainder of her life, and in consideration of which the farm should belong to the daughter after the death of the mother. It seems that the farm originally belonged to one Samuel Bucher, who died on the 4th day of September, 1883, leaving him surviving Nancy Bucher and the son, Johnson C. Bucher, and the daughter, Sophia C. Eaton. He left a will. Among other provisions in that will, he gave this farm in question to Johnson C. Bucher, charged with an annuity to his widow of $75. There was other property given to the daughter and also other property to the son. There appears to have been some complaint and dissatisfaction, so that after his death, and in the same year, Johnson C. Bucher deeded this property to his mother, Nancy Bucher, and was thereby released from the payment of the annuity to her. The said deed provided, however, that the

property should not be deeded away by her in her lifetime. Defendants Eaton forthwith entered into possession of the place, together with Nancy Bucher, the mother, and remained in possession until the death of Nancy Bucher in 1892.

[1, 2] The judgment is first challenged upon the ground that in this class of cases a greater preponderance of proof is required than in an ordinary action. To this proposition are cited many cases which held the proposition contended for. Tested, however, by this strict rule of proof, I am not prepared to say that the verdict is against the weight of evidence. The learned court charged the jury fully upon the nature of the proof required, and has denied a motion for a new trial made upon the ground that the verdict was against the weight of evidence. Some of the evidence offered by the defendant is not of convincing character. Evidence was given of declarations both by the mother, Nancy Bucher, and by Johnson C. Bucher, which declarations, if made, would seem clearly to recognize the rights of the defendant under such a contract as is claimed. The strength of the defendant's case, however, lies not so much in this oral evidence of declarations made as in two facts. First, in the year 1892, after the death of Nancy Bucher, Johnson Bucher was one of the assessors of the town. In that year the property was assessed to Sophia Eaton. If no agreement had been made, as is claimed by the defendants here, Johnson Bucher would then have been a half owner of the property. It is a significant fact that he should have caused or allowed that assessment to be made to his sister Sophia Eaton if he had not had knowledge of this contract, and not recognized its existence and validity. Again, Johnson Bucher lived for 14 years after the death of Nancy Bucher. As far as it appears, he never made any claim whatever to that property, which was at all times held by his sister, Sophia Eaton. This fact would seem to me to give the strongest corroboration of the defendants' claim. During this time most of these declarations were claimed to have been made by him as to the rights of Sophia Eaton, so that upon all the proof, in my judgment, this court would not be authorized to set aside this verdict as against the weight of evidence.

[3] One exception to evidence is urged by appellant as fatal to this recovery. Jane Perry was upon the stand, and testified to a conversation claimed to have been made with Johnson Bucher after he had conveyed the property to Nancy Bucher and before the death of Nancy Bucher, so that at that time Johnson Bucher had no legal interest whatever in the property. This declaration was to the effect that the property belonged to Sophia Eaton. There is strong ground for the contention that this declaration was at the time against interest, and therefore competent as such. The declaration was against his possible right of heirship. But, whether it was a declaration against interest or not, this same witness swore to other conversations apparently after the death of Nancy Bucher, in which Johnson Bucher had made the same admissions. So that the fact that one of these conversations was located prior to the death of Nancy Bucher cannot have harmed the plaintiff. If the reception thereof as to these particular admissions were error, the ruling presents no substantial error. Other

objections are urged in the able brief of the appellant's counsel. These have been examined and we find no cause for reversal. The judgment and order should therefore be affirmed, with costs.