IN RE ESTATE OF LAURA ANN PARVIN.
WILLIAM A. PARVIN, APPELLEE, V. ETTA HAGENBUCH, APPELLANT.

FILED DECEMBER 18, 1936. No. 29571.

*George I. Craven,* for appellant.

*Claude S. Wilson, Roy F. Gilkeson, Hymen Rosenberg* and *P. James Cosgrave, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and YEAGER, District Judge.

YEAGER, District Judge.

Laura Ann Parvin, a resident of Lincoln, Lancaster county, Nebraska, died in Lancaster county, Nebraska, on July 12, 1933, leaving a small estate. She left surviving her as her only heirs at law William A. Parvin, known as Alva Parvin, a son, and the appellee herein, and Etta Hagenbuch, a daughter. Etta Hagenbuch is the appellant.

The estate of Laura Ann Parvin was probated in the county court of Lancaster county, Nebraska. After the commencement of the probate proceedings the appellee filed a claim against the estate based upon a claimed promissory note dated May 20, 1919, for the sum of $1,500, payable five years after date, bearing interest at the rate of 6 per cent. per annum until maturity and 10 per cent. after maturity, and purporting to have been signed by Laura Ann Parvin, the decedent herein, and F. Parvin, father of appellee and husband of the decedent, who had died several years before. A hearing was had in the county court, from which appeal was duly taken to the district court, where a trial was had to a jury, which trial resulted favorably to the appellee. From the judgment of the district court the case comes to this court for review.

The appellant sets forth seven assignments of error as a basis for the reversal of the judgment. The first four have to do with claimed error of the trial court in the admission of evidence over objection of the appellant. In the first assignment appellant complains of the fact that appellee was permitted to testify to transactions and conversations with the deceased, appellee being directly interested in the result of the suit and the adverse party being a representative of his deceased mother, in violation of section 20-1202, Comp. St. 1929.

The particular testimony which was complained of and

which was duly and timely objected to is as follows: "Q. Mr. Parvin, I now ask you to again reexamine exhibit No. 5 and tell me, if you know, who wrote the signature of Mrs. Laura Parvin on that instrument, exhibit No. 5? A. I do. Q. You may state. A. My mother. Q. Mr. Parvin, did you see your mother write that signature on exhibit No. 5? A. I did." There can be no doubt that this evidence taken in and of itself, without limitation or qualification amounting to a waiver, would be in strict violation of that portion of section 20-1202, Comp. St. 1929, which provides: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness."

We must, however, determine the question of whether or not the appellant, agreeable to the further provisions of this same section, waived the right to object to the testimony of appellee regarding this transaction with his mother, which provision is as follows: "Unless such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation, in which case the person having such direct legal interest may be examined in regard to the facts testified to by such deceased person or such witness, but shall not be permitted to further testify in regard to such transaction or conversation." The appellee contends that there has been, in this case, a waiver. He bases his contention on the theory and proposition that appellant called a witness or witnesses, experts in handwriting, to testify to the transaction involving the signing of the note which is the basis of the action. The facts in this connection are that, the authenticity of the signature of Laura Ann Parvin on the note being in dispute, appellant called witnesses who examined the signature and compared it with proved signatures of Laura Ann Parvin and testified that, in their opinion, the note did not bear the genuine signature of the said Laura Ann Parvin. No witness was called who testified directly to the transaction on behalf of appellant.

This testimony given on behalf of the appellant was "circumstantial evidence." *Wakeley v. State,* 118 Neb. 346, 225 N. W. 42. The purpose in introducing this evidence was to prove that Laura Ann Parvin did not sign the note in litigation in this case. In other words, it was for the purpose of permitting these witnesses to testify with refference to the existence or nonexistence of the transaction in controversy. However, we think, in the enactment of this law, the legislature intended by the language used that a waiver should not be effective unless and until some witness called by the representative of the deceased shall have testified directly as to the existence of a particular conversation or transaction. As has been suggested, the testimony adduced by appellant was circumstantial, or, in other words, was testimony with reference to certain facts from the existence of which the existence or nonexistence of the conversation or transaction in controversy might be ascertained.

The trial court was therefore, we think, in error when it permitted appellee to introduce the evidence directly complained of in this assignment. This view is amply supported by the authorities on this subject and is in line with the evident purpose of the law to protect the estates of deceased persons against what might be false and fraudulent claims after the possibility of refutation has expired. Comp. St. 1929, sec. 20-1202; *Bergfield v. Bergfield,* 124 Neb. 67, 245 N. W. 12; *Wilkins v. Skoglund,* 127 Neb. 589, 256 N. W. 31; *In re Estate of Neckel,* 80 Neb. 123, 113 N. W. 1045.

The second and fourth assignments of error are substantially the same and do not require separate discussion. They have to do with conversations between C. J. Campbell and the appellee and testified to by C. J. Campbell. This testimony was objected to on the ground, among others, that it was self-serving. C. J. Campbell testified that about 20 years before the trial of this case in the district court he had been attorney for the appellee and had obtained a settlement wherein there was obtained a considerable sum of money for appellee. He had also, for a long period of

time, been legal adviser to the father and mother of appellee. He also testified to a conversation with appellee wherein a discussion was had about moneys owed to appellee by his father and mother, wherefor appellee was contemplating the taking of a note or notes to evidence the indebtedness. In the conversation the matter of whether or not a mortgage should be taken as security for the note was discussed. The witness vaguely recalled that he had advised against the taking of a mortgage in case of the giving of a joint note by the father and mother to evidence the joint indebtedness. This evidence was offered and received in evidence on behalf of appellee as a part of his case in chief.

Appellant contends that this evidence is self-serving and inadmissible. As against this appellee urges that it is evidence collateral in character and if admitted erroneously was error without prejudice. He cites many authorities on the question of the admissibility of such evidence and the discretion of the trial court in its admission, but we find none which presents a situation comparable to the one presented in this case. We think that, before it can be said that evidence admitted erroneously is without prejudice to the opposite party, it must appear from an examination of the record and the resultant judgment that such evidence so admitted, alone or in conjunction with all other evidence, probably did not influence the result either favorably to the party adducing it or adversely to the opposing party.

The evidence complained of cannot be brought within the purview of this rule. Appellee does not so contend. He says in his brief: "The fact that before the note in question was given that plaintiff consulted Mr. Campbell about taking a joint note from his father and mother, while not actually proving the giving of such a note, is an inference to be drawn and a circumstance to be considered with other evidence in the case." The express purpose and design and the purpose to be drawn from the testimony itself was calculated to exert an influence upon the jury. We cannot say that the jury were not influenced by it. The evidence was clearly self-serving and should not have been admitted.

Jones, Evidence, Civil Cases (3d ed.) 355; *Kane v. Chicago, B. &·Q. R. Co.*, 90 Neb. 112, 132 N. W. 920.

On account of the error of the trial court in admitting the testimony of C. J. Campbell as to conversations between him and the appellee, it becomes necessary to reverse the case and remand it for a new trial.

Other errors are presented and discussed in the briefs, but since the case must be retried we find it unnecessary to discuss them, and especially since the other errors complained of deal mainly with questions of foundation for introduction of evidence, rather than with the question of admissibility as evidence.

REVERSED AND REMANDED.