HILDUR PETERSON, APPELLANT, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY ET AL., APPELLEES.

278 N. W. 561

FILED MARCH 25, 1938. NO. 30239.

*John A. McKenzie,* for appellant.

*Kennedy, Holland, De Lacy & Svoboda, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE and MESSMORE, JJ., and FALLOON, District Judge.

GOSS, C. J.

Plaintiff appeals because, after her evidence was submitted to the jury, the court sustained defendants' motion to discharge the jury, dismissed the action, and entered judgment for defendants for costs. Error is assigned on sustaining the motion and on the holding that there was no evidence to show defendants guilty of negligence.

This case was before the court in 1936 to review a former trial in which there had been a judgment for plaintiff. The judgment was reversed. *Peterson v. Omaha &*

*C. B. Street R. Co.*, 131 Neb. 676, 269 N. W. 510. The facts as they there appeared were very concisely stated by Judge Good and give so accurately the general picture of the deplorable accident so grievously suffered by plaintiff that we refer to them for the general statement of the facts in this case; and shall undertake herein to point out wherein the pleadings and testimony were different on the present trial.

On the former trial plaintiff's petition had pleaded that defendant Young negligently and carelessly permitted his automobile to get beyond his control and to descend backward and to proceed in an easterly direction on the north side of Farnam street, and in a northerly direction on the east side of Sixteenth street. The testimony in the former case showed that the automobile described a large arc, going northward on the east side of Sixteenth street before turning and coming back to the west side of that street, where it struck the front end of the south-bound car on the tracks on the west side of that street. To meet the unanswerable argument of the opinion in the former case to the effect that the motorman was not chargeable with negligence in failing to anticipate that the automobile would get far enough west to strike the front of the street car, plaintiff amended her petition so as to allege that the course of the automobile, after turning from Farnam street, was on the *west* side of Sixteenth street. This would bring it in the area of vision of the motorman for a somewhat greater distance. The purpose of the amendment was to bring the case within the last clear chance doctrine, which had in effect been precluded by plaintiff's allegations in the original petition and the testimony as to the direction of the automobile on Sixteenth street. To carry out the theory, the witnesses for plaintiff so changed their testimony as to make it appear that, instead of describing a large arc or curve to the east side of Sixteenth street, the course of the automobile was north on the west side of that street until it struck the street car.

In the former case, as shown in the opinion, plaintiff

testified that she was carried on the automobile to a point eight or ten feet south of the street car, where she was thrown off, or rolled off the automobile onto the pavement and her hand was run over by the front wheels of the street car. Other witnesses testified in the former case that plaintiff was thrown from the automobile as near as two or three feet in front of the street car, but the evidence in that case as well as this shows as a fact that it was 18 feet from the front end of the street car to the back of the front wheels. The former opinion held that if, in the view of the testimony most favorable to plaintiff, the street car moved six or eight feet, she would still be in front of the front wheels. So the opinion held that the verdict did not respond to the physical facts and that she could not have been injured in the manner she claimed. So, to overcome this situation the testimony of plaintiff and some other witnesses was changed in this trial in the manner hereafter depicted.

Whereas, on the former trial, plaintiff testified that she fell off the automobile eight or ten feet south of the street car, on this trial she testified that she fell off about four or five feet south of the street car. She testified that the street car was moving and kept moving, that it ran over her hand and came to a stop after the front wheels had gone over her hand and two feet farther. It is to be noted that the distance from the front of the street car to the back of the front wheels still remains 18 feet. So the street car, by plaintiff's changed testimony, has moved 20 feet plus the four or five feet she was in front of it when she fell off.

Esther Christensen testified that she was sitting in a restaurant booth in the Paxton block on the east side of Sixteenth street and saw the automobile come from along Farnam street about as it turned into Sixteenth street and proceeded on its way. She testified for plaintiff in all three trials of this case. On this trial she testified that, after the automobile and the street car came together, the street car shoved the automobile back "eighteen or twenty

feet.". When confronted by, and cross-examined on, what was claimed to be her testimony in the first trial to the effect that the automobile and the street car did not move after they collided, she said she did not remember. When confronted with the testimony she had given on the second trial, she admitted she had testified then that the street car moved ahead "about six or eight feet." It is to be noted that this testimony is evidently what Judge Good had in mind when in the opinion he said "and, in the view most favorable to plaintiff, if it moved six or eight feet thereafter, she would still be in front of the street car wheel and would not have been run over by it as she claims." This was a vital point in the case. It was pointed out in the former opinion. It was necessary to change the situation presented in the former trial to get the case under the last clear chance doctrine. The change in the pleadings by which plaintiff alleged that the automobile ran north on the west side of Sixteenth street instead of the east side, and the change in the testimony of their witness to attempt to prove that the motorman moved the street car so long a distance after the impact, had the effect of producing what it takes to meet what had been tipped off by the former opinion in this case. We do not say that the change in the pleadings alone necessarily comes under any inhibited rule, but when accompanied by this material change in the testimony of the witness, for the sole purpose of making out a case, the changes do not find favor and such conduct cannot blindly bind the court so that it must submit to the jury the credibility of such a witness when to do so merely because of such a general rule would allow the parties to toy with the administration of the law and make a mockery of justice. The motive and purpose were clear. No possible explanation for this change of testimony appears, except that the exigencies of plaintiff's case demanded it.

In *Adams v. New York City Ry. Co.*, 109 N. Y. Supp. 1019, the court said in the syllabus: "Testimony on a vital point in a case, materially changed to obviate objections

pointed out by the appellate division on a former appeal, unless a sufficient and legitimate explanation is given, is discredited testimony." In the opinion the court said (125 App. Div. 551): "It would be a disgrace to the administration of justice if a court charged with the responsibility of reviewing the facts should be held bound by the verdict of a jury when it is apparent that evidence has been deliberately changed or added to meet the exigencies of the case as pointed out upon a former appeal."

This case was tried three times. The last two trials were before the same judge. He evidently concluded that there was not other or different case made out than before when we sent the case back for trial. Other than the testimony of the witness whose testimony we have found discredited, there was no evidence which would allow the case to go to the jury. The trial court anticipated what our action must be in such a situation and reached the same conclusion before we did.

The proximate cause of the injury to plaintiff was the movement of the automobile of defendant Young. Plaintiff has not sustained the burden of proving that the street car company or its motorman concurred in the negligence that produced the injuries.

The judgment of the district court is

AFFIRMED.