HELEN GORMLEY, APPELLANT, V. PEOPLES CAB, INC.,
APPELLEE.

6 N. W. (2d) 78

FILED OCTOBER 30, 1942.   No. 31416.

*Paul I. Manhart* and *M. J. Buckley,* for appellant.

*Brown, Crossman, West, Barton & Fitch, contra.*

Heard before SIMMONS, C. J., EBERLY, CARTER, MESS-
MORE and YEAGER, JJ.

YEAGER, J.

This is an action for damages for personal injuries by
Helen Gormley, now Helen DeMare, plaintiff and appellant,
against Peoples Cab, Inc., a corporation, defendant and ap-
pellee.

The case proceeded to trial to a jury and at the conclusion

of the evidence on behalf of the plaintiff, on motion of the defendant for a directed verdict or in the alternative that the petition of plaintiff be dismissed for want of evidence to sustain a cause of action, which motion was sustained, the action was dismissed. From this dismissal the plaintiff has appealed.

The petition on which the case was tried set forth substantially that on February 10, 1939, plaintiff was a passenger for hire in a taxicab of the defendant, which taxicab was being operated westward on St. Mary's avenue in Omaha, Nebraska; that when the taxicab reached a point just west of the intersection of Twenty-fourth avenue with St. Mary's avenue the driver thereof stopped the taxicab suddenly, without warning and negligently, and that because thereof the plaintiff was thrown about and injured. The character and extent of the alleged injuries are described in the petition.

The direct testimony of the plaintiff amply supported these allegations, and if there was nothing more to be considered we could say with unqualified assurance that the court erred in the rendition of the judgment in this case. However, from an examination of the entire sequence of events as disclosed by the record we are required to depart from this conclusion.

In the original petition in this action appellee herein was not made a defendant. The action as originally instituted was against one Howard Clark. In the petition plaintiff alleged that she was a passenger in the taxicab the same as was alleged in the petition on which the case was tried, but there she alleged that, after the taxicab had come to a full stop on account of traffic and street conditions, Clark negligently drove his automobile into the rear end of the taxicab, thus causing plaintiff to be thrown about in the taxicab and injured.

There is no rule of law and we can think of no rule of reason which would prevent her from changing the statement of her cause of action if in the light of full examination it was ascertained that the statement was contrary to the true

facts. *Peterson v. Omaha & C. B. Street R. Co.,* 134 Neb. 322, 278 N. W. 561. Where, however, there is a change of pleading accompanied by a material change of testimony which appears to have been made for the purpose of making a case against another defendant, simple justice requires that the courts shall look beyond the bare allegations of the petition and the testimony given before challenge was made to its credibility. *Peterson v. Omaha & C. B. Street R. Co., supra.*

The record examined in the light of the challenge to the good faith involved in the change in the pleading and the credibility of the testimony in support thereof discloses that within a short time after the original petition was filed, and about seven weeks after the accident, Clark took the deposition of the plaintiff, and at that time, when asked how the accident occurred, she stated that a minute or more after the taxicab had come to a full stop the Clark automobile ran into the taxicab from the rear and brought about the happenings and results described in the petition upon which the case here was tried. She not only admits that she so testified in the deposition, but she made a settlement with Clark for damages predicated thereon.

On cross-examination plaintiff admitted that she testified as her testimony appears in the deposition and substantially admits that all of such testimony was true and correct. She sought by her testimony on the trial of this case to avoid its effect by stating that all of the things alleged did happen when the Clark automobile struck the taxicab, but that the same things had previously happened when the taxicab suddenly stopped. She does not even differentiate between the injuries she claims were received from the alleged separate accidents.

The story, in the light of the entire record, is incredible. Clearly it was made to meet the exigencies of the situation in order to make a case for the plaintiff. Such conduct cannot be tolerated to the extent, when it is clearly apparent, of requiring a trial judge to submit the credibility of such testimony to a jury, and of permitting a party to mock law and justice.

It is the established law of this jurisdiction that on a jury trial when the defendant moves the court for a directed verdict in his favor at the close of plaintiff's evidence, such motion must be treated as an admission of the truth of all material and relevant evidence admitted favorable to plaintiff and all proper inferences to be drawn therefrom, and if the evidence tends to sustain the allegations of the petition, and the petition states a cause of action, the case should be submitted to the jury. *Rhoads v. Columbia Fire Underwriters Agency,* 128 Neb. 710, 260 N. W. 174. But this rule may not be permitted to apply when other evidence of the plaintiff demonstrates conclusively, or to a degree that the minds of reasonable men cannot differ thereon, that such evidence favorable to the plaintiff is incapable of belief. *Peterson v. Omaha & C. B. Street R. Co., supra.*

On the record the judgment of dismissal on the motion of the defendant was correct.

It is urged by appellant that the court erred in several instances in refusing to allow witnesses to answer questions propounded to them touching the issues presented. These assignments may not be considered here. In no instance where the subject of inquiry was material or relevant to the issues was an offer of proof of facts made, and the questions did not clearly indicate the materiality of the answers sought. In order that a party may avail himself of error of the court in refusing to allow the witness of such party to answer a question, either an offer to prove the facts sought to be elicited must be made or the questions themselves must clearly indicate the materiality of the answers sought. *Mordhorst v. Nebraska Telephone Co.,* 28 Neb. 610, 44 N. W. 469; *Barr v. City of Omaha,* 42 Neb. 341, 60 N. W. 591; *Nebraska Telephone Co. v. Jones,* 60 Neb. 396, 83 N. W. 197; *Wittenberg v. Mollyneaux,* 60 Neb. 583, 83 N. W. 842; *Bergfield v. Bergfield,* 124 Neb. 67, 245 N. W. 12.

Other errors are assigned, but in the view taken of those already discussed necessity does not arise to consider them.

The judgment of the district court is affirmed.

AFFIRMED.