86 A.2d 357 (1952)
In re SMITH'S ESTATE.
Orphans' Court of Delaware, New Castle.
January 21, 1952.
John M. Metten, of Wilmington, for petitioners.
G. A. Peterson, of Wilmington, for respondents.
HERRMANN, Judge.
The partition of real estate of William K. Smith, deceased, is sought by his children and heirs at law, Lawrence L. Smith, Charles W. Smith, Earl J. Smith and James F. Smith. Summons was served upon William A. Frith, the husband of Helen M. Frith, deceased daughter of William K. Smith, and upon their children, William A. Frith, Jr. and Rita M. Nichols, requiring that they appear and show cause, if any they had, why partition should not be made. The respondents appeared and they oppose the partition. They have filed an answer which, when fairly construed, alleges that William K. Smith had promised, by oral agreement, that upon his death he would leave the subject real estate to William A. Frith if Frith would live with *358 and take care of him during his last years. It is further alleged that Frith has performed under this contract and that he is now in possession of the premises. The petitioners move to strike the answer on the grounds that (1) the alleged oral agreement is ineffective because of the Statute of Frauds, (2) the agreement as alleged is too vague and ambiguous to be effective, (3) the answer was filed too late, and (4) the respondents are barred by laches.
If the respondents can prove the contract of William K. Smith and performance thereunder by Frith, as alleged, they have a good defense to this partition action. Where a promisee is in possession of real estate which the promisor by oral agreement had promised to leave to him upon the promisor's death, the establishment of such contract and performance thereunder by the promisee constitutes a good defense to an action for partition brought by heirs at law of the promisor; and such agreement is not within the ban of the Statute of Frauds if there has been performance by the promisee as is here alleged. Dougherty v. Dougherty 98 N.J. Eq. 126, 130 A. 833; Bucher v. Eaton, 151 App.Div. 342, 135 N.Y.S. 838; Mauck v. Melton, 64 Ind. 414; Bergfield v. Bergfield, 124 Neb. 67, 245 N.W. 12.
It is true that certain allegations of the answer are vague and lack the simplicity and clearness required for good pleading. Nevertheless, I consider the answer to be sufficient to put the petitioners on notice as to the nature of the defense which confronts them.
The answer was filed upon leave of Court requested and granted when the Order for partition sale was presented by the petitioners. The answer was timely. Laches is not a proper subject for discussion in connection with the question of the timeliness of the assertion of the respondent's rights in defense to the partition action. The defense of laches may be available to the petitioners if and when the respondents make a proper application for affirmative relief.
Accordingly, the motion to strike the answer will be denied.