# TEBBS v. PETERSON.

No. 7707.  Decided September 15, 1952.  (247 P. 2d 897.)

See 70 C. J., Witnesses, sec. 1338. Testimony at former trial 20 Am. Jur., Evidence, secs. 686 et seq.; 129 A. L. R. 843.

*J. Grant Iverson, Elias Hansen,* Salt Lake City, for appellant.

*Rex J. Hansen, Stewart, Cannon & Hanson,* Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiff appeals from a judgment of dismissal entered upon a second trial. At the first trial the court concluded that plaintiff was guilty of contributory negligence and granted a nonsuit. Approximately two years after the first trial the plaintiff commenced this action alleging and testifying as to certain evidence which would offset the defense of contributory negligence. The court, sitting with a jury, concluded that "the plaintiff is bound by the testimony given in the former hearing" and granted defendant's motion for a dismissal.

Plaintiff was injured during the night of January 5, 1947, when a car he was driving collided with the unlighted rear of defendant's truck which was parked on the highway in plaintiff's lane of travel without rear lights and without warning flares. The record reveals that except for the possibility of plaintiff being blinded by the lights of an oncoming car, he was contributorily negligent. At the first trial plaintiff was interrogated and testified as follows:

"Q. Then you were watching ahead of you weren't you? A. Well, the only thing that has got me there, if I may answer, there could have been a car coming that might have blinded me somewhat.

"Q. Well, was there a car coming? Did you see any car coming? A. I don't know.

"Q. Well, in other words the fact there could have been a car coming is just a possibility, you don't remember anything like that, do you, at this time? A. I don't."

At the second trial plaintiff alleged and testified that the reason he didn't see defendant's truck was because of oncoming lights which blinded him. When confronted with his testimony given at the first trial, he attempted to distinguish it by explaining

"I was thinking of lights, not car, if you are blinded you can't see a car, I couldn't"

and

"That was right as to lights, but as to car I don't contend I ever saw a car, I was blinded."

Plaintiff attempted to explain this change of position by testifying:

"Q. How do you account for that Mr. Tebbs, that when two years have gone by—Let's say this trial was in October 1948, and we are now in 1951, and you say your memory is clearer now than it was at that time? A. I was very nervous and upset and I didn't put the study and thought on it that I have now. My best recollection now is that I was blinded."

Plaintiff also admitted that upon the first trial he testified that the reason he didn't see the truck was that as he came east around the curve his lights shot off the highway, and when he suddenly straightened out to go southeast on the straight-of-way the truck was in front of him.

Appellant's primary contention is that he was not bound by the testimony which he gave at the first trial and even if he was so bound, such testimony does not, as a matter of law, preclude him from recovery in this action. Hence, the basic question upon which the appeal turns is whether the trial court erred in concluding that the plaintiff's testimony at the second trial, when considered in the light of the testimony received at the first trial, demonstrates conclusively, or to a degree that the minds of reasonable men cannot differ thereon, that such evidence favorable to the plaintiff is incapable of belief. This question, in turn, depends upon the right of a party to change or alter his testimony upon a subsequent trial of the same cause of action.

Plaintiff's argument is based upon a statement from 31 C. J. S., Evidence, § 402, p. 1209, which asserts:

"The testimony by a party on a former trial of the case, or of another case, will not estop him from giving testimony contradictory thereto, if he can show that his former testimony was given inconsiderately,

by mistake, or without full knowledge of the facts. His former testimony is not conclusive against him, even though it is unexplained."

Plaintiff further cites several cases which support the general proposition that prior inconsistent statements of a party are to be treated more strongly than those of a witness and such statements or testimony may be deemed admissions against interests, and may be considered, not only as impeachment but also as evidence of the fact involved. *Kyne* v. *Kyne*, 38 Cal. App. 2d 122, 100 P. 2d 806; *Gates* v. *Pendleton*, 71 Cal. App. 752, 236 P. 365. Plaintiff contends that under this familiar rule, his testimony at the first trial was not binding on him, but could only be taken as an admission or substantive evidence which, with the present testimony, should have gone to the jury. Appellant's statement of this general proposition is true, but it has no application to the situation.

In *Smith* v. *Boston Elevated Railway Company*, 1 Cir., 184 F. 387, 389, 106 C. C. A. 497, 37 L. R. A., N. S., 429, the court said:

"While it is true that upon a second trial the plaintiff's case may be changed or strengthened by new testimony, yet the right of a plaintiff at a second trial to make by his own testimony a complete departure from the case presented at the first trial is not unlimited.

\*  \*  \*  \*  \*

"In the present case, the plaintiff upon the former writ of error had a full hearing upon the question of her legal rights upon the state of facts upon which she rested before a jury and before this court. If, after an adverse decision of this court she is at liberty to change her testimony at will, then there is no practical limit to litigation."

The Supreme Court of Nebraska, in *Gohlinghorst* v. *Ruess*, 146 Neb. 470, 20 N. W. 2d 381, 383, stated:

"A plaintiff may not recite upon oath one statement of facts in one judicial proceeding and then, to meet the exigencies of the occa-

sion in the trial of a different suit, recite under oath an entirely different story.

$*$ $*$ $*$ $*$ $*$

"The convenient loss of memory to escape the fatal effect of positive sworn testimony on the one hand, and an amazing resurrection of memory more than two years' later as to facts and incidents tendng to make a case, make the evidence incredible as a matter of law in the absence of any reasonable explanation of the conflict. The trial court is not required to helplessly sit by and permit a litigant to play fast and loose with the processes of the court by insisting at different times under oath on the truth of each of two contradictory stories according to the exigencies of the particular occasion presenting itself. Courts must be vigilant in suppressing such schemes for the procurement of benefits by one to the detriment of another."

The *Gohlinghorst* case also cited, with approval, the case of *Peterson* v. *Omaha & C. B. St. R. Co.*, 134 Neb. 322, 278 N. W. 561, 562, which stated:

"We do not say that the change in the pleadings alone necessarily comes under any inhibited rule, but when accompanied by this material change in the testimony of the witness, for the sole purpose of making out a case, the changes do not find favor and such conduct cannot blindly bind the court so that it must submit to the jury the credibility of such a witness when to do so merely because of such a general rule would allow the parties to toy with the administration of the law and make a mockery of justice. The motive and purpose were clear. No possible explanation for this change of testimony appears, except that the exigencies of plaintiff's case demanded it."

In *Gormley* v. *Peoples Cab, Inc.*, 142 Neb. 346, 6 N.W. 2d 78, the court said to a like effect. The principles enunciated in these cases are applicable to the appellant. This case is more than a mere refusal to submit the question of plaintiff's credibility to the jury.

In situations where observation of locale, reappraisement of estimates or matters of that kind are involved, where statements are made by an ill or distraught person, or by one under circumstances which themselves would indicate want of consideration, a change or modification of testimony may properly be found to be reasonable. Here we have no such situation. Here the

plaintiff materially changed both his pleadings and his testimony with respect to a material and observable fact. In explanation of such change of position, he first said in effect that the two statements are reconcilable, stating that he merely stated at the first trial that he didn't remember seeing any car, not that he didn't remember being blinded by the lights of a car. But his injection into the evidence in the first case of the possiblity of there being a car was that he might have been blinded by its lights. The attempted reconciliation of the testimony at the two trials is palpably absurd. He further stated that at the first trial he was very nervous and upset and he didn't put the study and thought on it that he had since. The first trial, however, was had some 20 months after the happening of the accident. What he was nervous and upset about does not appear. Nor is it reasonable to conclude that having no recollection of there being a car whose lights blinded him when the first trial was had and subsequent to his having testified at the trial of another action growing out of the collision that study and thought would enable him to collect some two and a half years later a fact which he was unable to recall at a much earlier date. The change of position clearly revealed an unblushing attempt to make a case. This being so, the trial court did not err in refusing to submit the issue of the blinding lights to the jury. To do otherwise would invite litigants to trifle with the court.

The judgment of the lower court is affirmed. Costs to respondent.

WOLFE, C. J., and WADE, CROCKETT and HENRIOD, JJ., concur.